[Crim. No. 437. First Appellate District.—October 20, 1913.]

THE PEOPLE, Respondent, v. JAMES WING, Appellant.

CRIMINAL LAW—BURGLARY—SUFFICIENCY OF EVIDENCE TO SUPPORT CONVICTION.—In this prosecution for burglary of a room from which were taken wearing apparel, jewelry and other articles, evidence that shortly after the commission of the crime the defendant was found in possession of some of the stolen goods, together with other incriminating testimony, was sufficient to support the verdict of guilty.

ID.—MISCONDUCT OF COURT IN ORDERING WITNESS INTO CUSTODY—REVIEW ON APPEAL.—The defendant in such case cannot complain on appeal of the action of the trial court in ordering, in the presence of the jury, one of his witnesses into custody on a pending misdemeanor charge, thus discrediting the witness, if the defendant did not call such person as a witness, nor assign the action of the court as misconduct.

ID.—IMPROPER ARGUMENT OF DISTRICT ATTORNEY—REFERENCE TO PRIOR CONVICTION.—The statement of the district attorney, in his argument to the jury, that the defendant was in the habit of getting burglaries committed, and had been convicted of a felony, was not prejudicial, if a prior conviction of the defendant was developed on his cross-examination, and the court was not requested to instruct the jury to disregard the remark.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

J. K. Ross, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of burglary in the second degree, and sentenced to serve a term of five years in the state penitentiary, the sentence to run concurrently with a previous sentence for a similar crime. This is an appeal by the defendant from the judgment and from an order denying his motion for a new trial.

Defendant makes the point that the verdict is contrary to the evidence.

Very briefly the evidence introduced by the people shows that a room of the prosecuting witness was burglarized on the 7th day of September, 1912, and from it there were taken wearing apparel, jewelry, a razor and a pawn ticket for a diamond ring. Notwithstanding that the defendant and a friend of his called Kelly occupied rooms in another building in San Francisco (the crime being committed in that city), the defendant just prior to the seventh day of September rented a room in the Hotel Belvedere adjoining the room of the prosecuting witness; and in the morning of the burglary, at about 11 o'clock, the defendant and associates of his were seen near the room of said witness, and at about that time one of the defendant's callers was noticed leaving the building with a large bundle, which looked like a bundle of clothes. On the same day, when the defendant was questioned by detectives of the police department concerning the crime, he claimed to know nothing about it; yet when he was searched part of the stolen jewelry was found on his person, and the wearing apparel was later found in the rooms which he occupied with Kelly. True, he offered an explanation of how he came into possession of the articles; but the jury evidently disbelieved his explanation, and adopted as true the evidence introduced by the people, drew legitimate inferences therefrom, and arrived at their conclusion of the guilt of the defendant. We think it is plain that the evidence supports their verdict.

Defendant's next point is stated to be that the jury received evidence out of court. It is based upon the assertion that the court ordered one of the defendant's witnesses into custody of the sheriff on a misdemeanor charge pending in the superior court on appeal, and that this was done in the presence and hearing of the jury, and discredited the witness to such an extent that the defendant was prevented from using her evidence.

Of course, the defendant was not prevented from calling such person as a witness, although he may have considered it more prudent not to do so; and leaving out of consideration the conflict in the affidavits introduced by the people and defendant respectively on the latter's motion for a new trial upon this feature of the case, the defendant not having called

such person as his witness, nor assigned the alleged action of the court as misconduct, is in no position now to complain.

Defendant also assigns as prejudicial error the conduct of the district attorney who, in his argument to the jury, used the following language: "He (referring to the defendant) was in the habit of getting burglaries committed—planning burglaries. Twelve men chosen as jurors have tried him and convicted him of a felony."

It appears that the defendant took the stand in his own behalf, and on cross-examination it was shown that he had been convicted of a felony. While we think the district attorney had no right to go into details of the other case, still we are unable to say that the observation of the district attorney prejudicially affected the defendant's case; and this must have been the view of the defendant, for the incident was not assigned as misconduct, nor was the court requested to instruct the jury to disregard the remarks.

There are other assignments of error in defendant's brief, but each of them has less merit than those already discussed, and are consequently unworthy of detailed notice.

The judgment and order appealed from are affirmed.

Lennon, P. J., and Richards, J., concurred.